UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAMIREZ. <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CORCORAN STATE PRISON, , <br><br> Respondent. | No. 1:18-cv-00151-JLT (HC) <br><br> **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE** <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM** <br><br> **[TWENTY-ONE DAY DEADLINE]** |

Petitioner filed the instant habeas corpus petition on January 29, 2018. It appears that Petitioner does not challenge the fact or duration of his conviction. Rather, it appears that the petition presents various claims concerning the conditions of his confinement. Because the Court is without habeas jurisdiction to consider claims concerning the conditions of confinement, the Court will recommend that the petition be **DISMISSED**.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.    Civil Rights Claims

Petitioner does not challenge the underlying conviction. Rather, he complains of a positive drug test that was allegedly not executed properly. He seeks the following relief: 1) An injunction for a transfer back to Corcoran State Prison; 2) An injunction to impose a drug test system that utilizes thumb prints and signatures; and 3) An injunction for equal disciplinary measures for all infractions of some grade levels. (Doc. 1 at 3.)

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's claims and the relief he seeks concern the conditions of his confinement, and therefore are not proper in a federal habeas action. Petitioner must seek relief for these complaints by way of a civil rights action.

In Nettles, the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face. Accordingly, the Court should not exercise its discretion to recharacterize the action.

Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.

**ORDER**

The Court ORDERS that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 31, 2018**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE